## DAVID A. BRAYTON *vs.* NEW ENGLAND COAL MINING COMPANY.

A stockholder in a manufacturing corporation cannot defend himself from judgment against him in an action against the corporation, under *St.* 1851, c. 315, by showing that the officers of the corporation have sufficient property to pay the judgment.

ACTION OF CONTRACT against a manufacturing corporation, who were defaulted. Spencer Field, summoned in as a stockholder, answered that he was not liable for their debts as a stockholder, " because if the stockholders thereof are liable for the debts of the corporation, their persons or property cannot be taken so long as the officers thereof have property sufficient to satisfy the execution, if any, which the plaintiff may obtain ; and there are officers of said corporation, having sufficient property

to pay said claim." The plaintiff demurred to this answer, upon the ground that the fact pleaded was immaterial. The court of common pleas sustained the demurrer, and the respondent appealed.

*E. Williams*, for the plaintiff.

• *E. H. Bennett*, for the respondent. The property of a stockholder in a manufacturing corporation cannot be taken on execution against the corporation, so long as the officers thereof have sufficient property to satisfy the execution. *Denny* v. *Richardson*, 4 Gray, 274. The stockholder should be allowed to show the fact of such sufficiency in the original suit, so that a supersedeas as against him may be annexed to the execution against the corporation, (as was done in 4 Gray, 275,) and not be put to an action of trespass against the sheriff.

BIGELOW, J. The answer of Field states no sufficient ground for issuing a supersedeas of the execution which is to issue against the corporation, as to him or his property. The only ground on which he can claim exemption in this action from liability to a seizure or levy on the execution is by showing that he was not a stockholder of the corporation, liable for their debts. The fact that there are officers possessed of property sufficient to pay the judgment against the corporation at the time when the liability of the stockholders is to be determined is wholly immaterial. The plaintiff is entitled to an execution against those who are stockholders liable for the debts, and who have been duly summoned in the action. This execution he can levy on the stockholders, if no property of an officer can be found to satisfy it. An officer of a corporation may have property liable to be taken on execution at the time when the liability of the stockholder to the execution is to be determined in the action against the corporation, but it may be conveyed away or destroyed before the execution is issued, so that the creditor cannot levy on or seize it. In such case he has a right to take the property of the stockholder. So that the material question is, not whether the officers were possessed of sufficient property to pay the debt when the action is pending in court, but when the execution is to be served.          *Demurrer sustained.*